BLAKE A. FIELD, ESQ.
Nevada Bar No. 8800
1641 E. Flamingo Rd., Suite 7
Las Vegas, NV 89119
Phone: (702) 968-9356
Fax: (866) 513-5083
Email: bfield@nvconsumerlaw.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

IN RE:

ANA J. FOX,

        Debtor.

)  BK-10-19096-LBR
)  CHAPTER 7
)
)
)  **DEBTOR'S RESPONSE TO**
)  **OBJECTION AND OPPOSITION TO**
)  **MOTION FOR TURNOVER**
)
)
)  Date of Hearing: September 29, 2010
)  Time of Hearing: 11:00 AM
)

**COMES NOW,** the above-named debtor, by and through her attorney of record, and hereby responds to the Objection to Debtor's Claim of Exemption and opposes the Motion for Turnover filed in this case by Yvette Weinstein, Chapter 7 Trustee ("Trustee") and in support thereof shows unto the Court the following:

**The claim of exemption is presumed valid. An objecting party has the burden of rebutting the presumption and the burden of persuasion in so doing.**

Rule 4003(c) of the Federal Rules of Bankruptcy Procedure provides that a party objecting to a claim of exemption bears the burden of proving that the exemption is not proper. Claimed exemptions are first presumed valid, and an objecting party is saddled with the burden of rebutting that presumption, as well as the burden of persuasion. *Tyner v. Nicholson* (*In re Nicholson*), 2010 Bankr. LEXIS 2539 (B.A.P. 9th Cir. July 16, 2010) (*citing Carter v. Anderson* (*In re Carter*), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). Thus, the Trustee's objection must be taken in light of the presumptions and burdens provided for by law.

///

///

**There is clear authority which permits a debtor to claim state law exemptions on behalf of a non-filing spouse in a community property state.**

The published decision that is most squarely on point, and which this court must strongly consider in its analysis, is that of *In re Perez*, 302 B.R. 661 (Bankr. D. Ariz. 2003)[1]. In *Perez*, as here, the debtor asserted exemptions as to community property that state law made available to the non-filing spouse. The *Perez* court noted that, in an exemption opt-out state, the proper scope of inquiry is limited to whether State law permits a debtor to claim that community property is exempt from execution by including not only the debtor's exemption, but the non-filing spouse's exemption as well.

> [T]he Code may permit a debtor to assert state law exemptions on behalf of a non-filing spouse. While only the debtor may claim the exemptions, in an opt out state the exemptions that the debtor may claim are to "property that is exempt under … State or local law …." 11 U.S.C. § 522 (b)(2)(A). Thus the Bankruptcy Code itself does not limit the Debtor to claiming exemptions that would be available under state law if he were a single person. Instead, the Code permits the Debtor to claim as exempt any property that "is exempt" under state law. Thus the proper question is whether, under state law, the Debtor could claim that the property "is exempt" from community debts by asserting not only his own, but also his wife's exemptions.

*Id.* at 663. The court then noted that under Arizona law, personal property exemptions for married persons were double what they would be for a single person, and that nothing in Arizona law prohibited one spouse from asserting both exemptions. In furtherance of this, the Court cited Arizona statutory authority which permits either spouse to contract on behalf of the community. Finally, the Court turned its attention to distinguishing the holding of *In re DeHaan*[2], a decision from the District of Idaho which turned solely upon an interpretation of the Code to reach a contrary position:

---

[1] It is worth noting that this directly on-point authority was not cited, analyzed or distinguished in any way in the Trustee's Objection brief.

[2] 275 B.R. 375 (Bankr. D. Idaho 2002)

2

It is sufficient to note that this Court disagrees that the *DeHaan* result is compelled solely by the Bankruptcy Code, without regard to state law. Moreover, although this Court agrees that the *DeHaan* result is "harsh," 275 B.R. at 382, this Court disagrees that such harshness is unavoidably compelled by the language of the Code. The harshness arises from the fact that all community property comes into the estate and becomes liable for all community debts, even though only one spouse has filed. Under state law, the non-filing spouse's exemption would immunize that portion of the community property from payment of community debts, but such property would become liable for those debts under the *DeHaan* result. The only way for the non-filing spouse to avoid that result would be to file her own bankruptcy, yet state law makes her exemptions equally available to protect property from creditors' claims both inside and outside of bankruptcy. Consequently the community creditors and the bankruptcy trustee are put in a better position by the *DeHaan* result than they would be under state law. This is not the purpose of the Bankruptcy Code's, or the Bankruptcy Act's, incorporation of state law exemption rights, the purpose of which is to ensure that "the trustee takes in each state whatever would have been available to the creditor[s] if the bankruptcy law had not been passed." *Hanover Nat'l Bank v. Moyses*, 186 U.S. 181, 190, 46 L. Ed. 1113, 22 S. Ct. 857 (1902). It would also be contrary to the admonition of the Arizona courts that the exemption laws are to be construed "liberally" to advance the objectives of the statutes to "protect the family from the forced sale" of exempt property.

*Id.* at 663-664. The *Perez* court thus approved the claim of exemption by the debtor on behalf of the non-filing spouse.

**Nevada law compels the same result as Arizona law did in *Perez*: the exemption claim made by the debtor on behalf of the non-filing spouse must be allowed.**

Agreeing with the state law analysis central to the holding in *Perez*, this court in *In re Longmore* noted that "the validity of a claimed state exemption is controlled by the applicable state law." 273 B.R. 633, 635 (Bankr. D. Nev. 2001) (citing *In re Goldman*, 70 F.3d 1028, 1029 (9th Cir. 1995)). Nevada, like Arizona, permits either spouse to contract on behalf of the community. *See* NRS 123.070; *accord* ARS § 25-215(D). Moreover, as this court noted *Longmore*, while Nevada limits married persons to only one homestead exemption, the Nevada motor vehicle exemption does not limit married persons to merely one exempt vehicle.

3

*Longmore* at 635. Indeed, under Nevada law, there is no limitation on the doubling *any* personal property exemptions for married persons. Just as in Arizona, Nevada's exemption scheme is liberally construed in favor of the debtor. *Christensen v. Pack* (*In re Christensen*), 122 Nev. 1309, 1314 (Nev. 2006) (citing *Jackman v. Nance*, 109 Nev. 716 (Nev. 1993). Finally, Nevada's statutes are to be construed in such a way that no part is "rendered nugatory or turned to mere surplussage." *Savage v. Pierson*, 123 Nev. 86, 89 (Nev. 2007) (citing *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 418 (Nev. 2006)).

Considering that the status of the law in Nevada is exactly that as in Arizona, this Court should follow the *Perez* ruling and permit the exemptions claimed by the debtor in this case. It is the objecting party's burden to show that the exemptions being claimed are improper – and the Trustee's objection here doesn't even muster the argument that Nevada law prohibits a bankrupt debtor from claiming the non-filing spouse's exemption in community property. The Trustee's simple reliance on *DeHaan*, without addressing *Perez*, does not meet her burden. Again, it must be noted that the Trustee has made no showing that Nevada law would not permit the exemption claimed here. Even the Trustee herself is in agreement that Nevada law controls, as her Objection flatly states: "Exemptions in bankruptcies filed in Nevada are, therefore, resolved by reference to state law." *See* Objection at pp. 4:10-11. Yet still no argument is mustered that, under Nevada law, the claimed exemption is impermissible.

An important point is raised by the *Perez* Court: the purpose of incorporating state law exemptions into the bankruptcy scheme is to ensure that the trustee may take only what would be available had the bankruptcy law not been passed. In other words, here the Trustee may not have an advantage over a regular judgment creditor in the State of Nevada. Yet that is exactly what the Trustee is seeking to do here. The Code requires that, in community property states such as Nevada, all community property becomes part of the bankruptcy estate. The non-filing spouse, like it or not, may have the entirety of their property become part of the bankruptcy estate (depending on length of the marriage, there

4

may be no separate property interest in anything). As against a judgment creditor, the spouse would be able to assert his or her exemption. Here, the Trustee's position would mean that the non-filing spouse's exemption in the community property – a right under State law – <u>could not be claimed under any circumstance in the bankruptcy forum</u>, either directly by the non-filing spouse, or by the debtor claiming that exemption as a community right on behalf of the non-filing spouse.  If the Code requires all community property to go into the estate regardless of whether it is a joint or single filing, then the full amount of community exemptions should be claimable as against that property, regardless of whether it is a joint or single filing.  To interpret the Nevada personal property exemptions to the contrary would render the non-filing spouse's exemptions nugatory, and place the Trustee at an advantage over other judgement creditors – a result clearly contrary to the Code and the State's exemption scheme.

### The authority cited by the Trustee does not support her position

The Trustee has cited *In re Homan*[3] in support of her objection. However, as thoroughly analyzed in the *Perez* holding referenced above, *Homan* is not on point.  As stated by the *Perez* Court:

> [W]hile *Homan* does stand for the proposition that only the filing spouse can claim exemptions, it does not answer the question whether the filing spouse can claim exemptions assertable by the non-filing spouse in the community property that would otherwise become property of the estate.

*Perez*, supra, at 662-663.  Thus, *Homan* does not serve to support the Trustee's position in this matter.

Also cited by the Trustee (without any analysis) is the case of *In re DeHaan*, 275 B.R. 375 (Bankr. D. Idaho 2002).  As the *Perez* court pointed out, the *DeHaan* decision turns upon a flawed analysis which is focused only on the Bankruptcy Code, *not* the state-law

---

[3] 112 B.R. 356, 359-60 (Bankr. 9th Cir. 1989)

5

exemption that is being claimed.  The *DeHaan* Court's ruling turns on the following conclusion:

> There is nothing in the Code that allows non-debtors, dependents or otherwise, to assert in the bankruptcy an exemption personal to such non-debtors. Nor is there anything in the Bankruptcy Code that allows the debtor to assert an exemption belonging not to him but, instead, to his non-debtor dependents.

*Id.* at 380.  This Code-focused analysis misses point – a point that this Court already well knows by way of its *Longford* decision: the scope and breadth of state law exemptions are governed by state law. If, under state law, an exemption can be asserted by a debtor on behalf of a non-filing spouse, then the exemption must be permitted.  More to the point, the position taken the by Trustee in her Objection is clearly contrary to the *DeHaan* holding: "Exemptions in bankruptcies filed in Nevada are, therefore, resolved by reference to state law."  *See* Objection at pp. 4:10-11.

Finally, the holding of *In re Victor*[4] is inapplicable to the issue at hand.  In *Victor*, a debtor in New Mexico (also a community property state) had opted to elect the Federal bankruptcy exemptions in her Chapter 7 petition.  In addressing the issue of a non-filing spouse asserting exemptions directly on his own behalf, the Court found:

> "[T]here is no provision for non-filing persons to claim their own exemptions from the debtor's estate. The statutory language is clear that the exemptions must be claimed by or on behalf of the debtor." *In re Johnson*, 184 B.R. 141, 145-146 (Bankr.D.Wyo. 1995). The *Johnson* court suggests that it may be possible under certain circumstances for a debtor to claim a state law exemption on behalf of the non-filing spouse. *Id.* But here, the Debtor has elected the federal bankruptcy exemption scheme, so the Court need not consider for purposes of the bankruptcy proceeding whether it is possible for the Debtor to claim a state law exemption in the property on behalf of her non-filing spouse.

341 B.R. 775 at 781-782.  Thus, the *Victor* holding does not support the Trustee's

---

[4] 341 B.R. 775 (Bankr. D.N.M. 2006)

6

argument in this case.  Indeed, by reference to the *In re Johnson* holding, the *Victor* court portends that it is permissible for a debtor to assert state law exemptions on behalf of a non-filing spouse – <u>exactly</u> the circumstance here.

**<u>The Debtor's claim of exemption must be permitted and should be affirmed</u>.**

The Trustee's Objection must be overruled.  While the Trustee agrees that the exemptions claimed must be analyzed in accordance with the law of Nevada, no showing has been made that the exemptions are impermissible under Nevada law.  Without that showing, the Trustee has failed to meet her burden of overcoming the presumption of validity that attaches to the claimed exemptions.  The Trustee's stated position that Nevada law controls is contrary to her cited authority in *DeHaan*, and comports exactly with the analysis in the contrary authority of *Perez* – a case which is left without mention or analysis in the Objection, despite clearly being on point.  The mandate from the Nevada Supreme Court is clear: exemptions are to be broadly and favorably construed in favor of the debtor.  It is also clear that, under Nevada law, either spouse may act in furtherance of the community – and thus act in protecting that community.  There is no arguing that Nevada law permits the doubling of personal property exemptions by married persons, and so claiming a non-filing spouse's exemption in community property is certainly permissible under Nevada law.  Finally, to forbid the claimed exemption would be to put the Trustee in a position greater than a judgment creditor under Nevada law, which is contrary to policy and to the state exemption scheme selected by Nevada.  Considering the foregoing, particularly in light of the burden upon the Trustee, this court must overrule the Objection and confirm the claimed exemptions on behalf of the debtor.

Dated this 15 day of September, 2010.

<u>/s/ Blake A. Field</u>
BLAKE A. FIELD, ESQ.
Nevada Bar No. 8800
1641 E. Flamingo Rd., Ste. 7
Las Vegas, NV 89119
(702) 968-9356
Attorney for Debtor