SULLIVAN, HILL, LEWIN, REZ & ENGEL  **Electronically Filed: September 22, 2010**
A Professional Law Corporation
  Christine A. Roberts, NV SBN 6472
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone: (702) 382-6440
Fax Number: (702) 384-9102

Proposed Attorneys for Yvette Weinstein,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## District of Nevada

| | |
|---|---|
| In re | CASE NO. BK-S-10-19096-LBR |
| ANA J. FOX, | Chapter 7 |
|     Debtor. | **REPLY TO DEBTOR'S RESPONSE TO OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION AND MOTION FOR TURNOVER** |
| | Date: September 29, 2010 |
| | Time: 11:00 a.m. |
| | Ctrm: LBR - Courtroom 1 |
| |       Foley Federal Building |
| |       300 Las Vegas Blvd. South |
| |       Las Vegas, NV 89101 |
| | Judge: Hon. Linda B. Riegle |

    Yvette Weinstein ("Trustee"), by her attorney, Elizabeth E. Stephens, Esq. of Sullivan, Hill, Lewin, Rez & Engel, hereby replies to Debtor's Response to Objection to Debtor's Claim of Exemption and Motion for Turnover.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

315159-v1

- 1 -

I.

**ARGUMENT**

**THERE IS NO PROVISION UNDER NEVADA LAW OR THE BANKRUPTCY CODE TO CLAIM EXEMPTIONS ON BEHALF OF A NONFILING SPOUSE.**

The imprecise analysis of the court in *In re Perez*, 302 B.R. 661 (Bankr. D. Ariz. 2003), is reflected in the Debtor's argument: "If the Code requires all community property to go into the estate regardless of whether it is a joint or single filing, then the full amount of community exemptions should be claimable as against that property, regardless of whether it is joint or single filing." (Response at 5, Line, 6-9). In *Perez*, the court blurred the distinction between the rights and responsibilities of the debtor and the property of the estate. In attempting to distinguish, *In re DeHaan*, 275 B.R. 375 (Bankr. D. Idaho 2002), the *Perez* court reasoned:

> Moreover, although this Court agrees that the *DeHaan* result is "harsh", 275 B. R. at 382, this Court disagrees that such harshness is unavoidably compelled by the language of the Code. The harshness arises from the fact that all community property comes into the estate and becomes liable for all community debts, even though only one spouse has filed. Under state law, the non-filing spouse's exemption would immunize that portion of the community property from payment of debts, but such property would become liable for those debts under the *DeHaan* result.

302 B.R. at 664.

There can be no doubt that "debtor", "creditor" and "property of the estate" are all defined by the Bankruptcy Code. Moreover, the Bankruptcy Code controls many aspects of the bankruptcy exemptions pursuant to provisions of Section 522. The "opt out" provision of Section 522(b)(2) relates specifically to the schedule of exempt property pursuant to Section 522(d).

The debtor and the court in *Perez* use the terms "single" and "joint" filing. The terminology sloughs over an important concept. Even when a couple is married there are two separate debtor estates. A married couple may file together, but their estates are only jointly administered unless they are substantively consolidated by the court. Fed. R. Bankr. P. 1015(b); *In re Estrada*, 224 B.R. 132, 135 (Bankr. S.D. Cal. 1998). Consequently, each debtor in a jointly administered case has her own estate and her own exemptions. When one debtor files alone, she has her own exemptions. Therefore, the distinction between a 'single' and a "joint" filing is a red herring.

315159-v1

- 2 -

Married debtors who file together may each claim exemptions because they are each entitled to them. As argued previously a debtor may claim one vehicle exemption under Nevada law and may claim one wildcard exemption under N.R.S. 21.090(1)(f) and (z). Further, each debtor has her own estate as defined by 11 U.S.C. §541. Section 541(a)(2) provides as to each debtor that included in the property of the estate are:

> All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
>
> (A)  under the sole, equal, or joint management and control of the debtor; or
>
> (B)  liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

As a corollary, a creditor is defined, among other things, as an "entity that has a community claim." 11 U.S.C. §101(10)(c). Pursuant to Section 101(7), a "community claim is one "that arose before the commencement of the case concerning the debtor for which the property of the kind specified in Section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case." In other words, community assets pay community debts. As a consequence, upon discharge of the debtor, the community claims are discharged, which inures to the benefit of the non-filing spouse. Claims against community property are also discharged. 11 U.S.C. §524(a)(3); *In re Kimmel*, 378 B.R. 630, 635-37 (Bankr. 9th Cir. 2007).

The perceived harshness, by the *Perez* court, is illusory. It is furthermore easily remedied by both spouses filing for bankruptcy protection.

WHEREFORE, for the reasons argued above, the Trustee respectfully asks this Court to sustain her objections to exemption and to order turnover of the subject personal property or its value, and for any other relief this Court may deem to grant.

Dated:    September 22, 2010    SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation


By:    */s/ Elizabeth E. Stephens*
Elizabeth E. Stephens
Proposed Attorneys for Yvette Weinstein,
Chapter 7 Trustee

315159-v1    - 3 -