Entered on Docket
December 16, 2010

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

___

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \* \*

| | |
|---|---|
| In re:  **ANA J. FOX** ) | BK-S-10-19096-LBR |
| ) | Chapter 7 |
| ) | |
| ) | DATE: October 27, 2010 |
| Debtor(s)  ) | TIME:  2:30 p.m. |
| ) | |
| ) | |

**ORDER ON OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

Ana J. Fox filed a petition under chapter 7 of Title 11 of the United States Code on May 18, 2010. Yvette Weinstein was appointed Trustee. Ms. Fox's husband, Clifford, did not join in the petition nor has he filed a separate petition for relief.

The debtor listed two vehicles on Schedule B, a 2004 Solara valued at $7,635 and a 2002 Volkswagen Eurovan valued at $12,000. In the column which indicates how the property is owned - by the husband, wife, joint, or community - no notation was made. The debtor claimed both vehicles as exempt on Schedule C pursuant to NEV. REV. STAT. § 21.090(1)(f).

The debtor also listed a number of bank accounts, two of which had the notation,"non-filing spouse's account," but again, the column indicating how the property was owned was blank. The amount in those bank accounts totaled slightly in excess of $1,000. The debtor claimed $1,000 of these accounts exempt, as well as three other bank accounts and cash equaling

1  less than $1,000 under the "wildcard" exemption in NEV. REV. STAT. § 21.909(1)(z). While the
2  schedules did not claim these exemptions as exemptions of the non-filing spouse, upon the filing
3  of the trustee's objection to exemptions, the debtor asserts that the debtor may claim exemptions
4  of the non-filing spouse.

5       The court heard argument on October 27, 2010 and took the matter under submission. For
6  the reasons stated below, the court agrees with the debtor and overrules the objections of the
7  trustee.[1]

8       Nevada is a community property state, and all property acquired after marriage (with
9  certain exceptions not relevant here), is presumed to be held by the community. NEV. REV.
10 STAT. § 123.220. That presumption can only be overcome by clear and convincing evidence.
11 *Forrest v. Forrest*, 668 P.2d 275 (Nev. 1983). While the debtor listed certain of the bank
12 accounts as being in the name of non-filing spouse, the court assumes that the debtor and her
13 spouse concede these accounts are community assets.

14      Under 11 U.S.C. § 541(a)(2) property of the estate includes all interests of the debtor and
15 the debtor's spouse in community property as of the commencement of the case that is under the
16 sole, equal, or joint management and control of the debtor or liable for an allowable claim against
17 the debtor, or for both an allowable claim against the debtor and an allowable claim against the
18 debtor's spouse.

19      Pursuant to 11 U.S.C. § 522 the debtor may exempt from property of the estate the
20 property which may be exempted under Nevada law.[2] While the right to claim exemptions
21 emanates from Section 522, those exemptions are determined by state law. Therefore this court
22 must look to whether the Nevada court would allow a spouse to claim an exemption on behalf of

---

[1] This court acknowledges the contrary holding in *In re Rivas*, BK-S-08-16253-MKN.

[2] Nevada has "opted out" of the federal exemption scheme and the debtor may only claim the exemptions allowed under Nevada law. *In re Richards*, 57 B.R. 662, 664 (Bankr. D. Nev. 1986).

both spouses.[3]

Nevada law exempts one vehicle of the judgment debtor if the judgment debtor's equity does not exceed $15,000. NEV. REV. STAT. § 21.090(l)(f). Each debtor may claim one vehicle, or may "stack" and claim the exemption in one vehicle. *In re Longmore*, 273 B.R. 633 (Bankr. D. Nev. 2001).

Nevada law also provides that any personal property not otherwise exempt from execution belonging to the judgment debtor, including the judgment debtor's equity in any property, money, stocks, bonds, or other funds on deposit with a financial institution, not to exceed $1,000 in total value, to be selected by the judgment debtor, is exempt from execution. NEV. REV. STAT. § 21.090(l)(z). The total claimed by the debtor under this provision is less than $2,000.

Notably, the exemption statute speaks in terms of the exemption of property of the judgment debtor. Under Nevada law, each spouse is liable as a judgment debtor for any community debt and there is nothing in the exemption statute that requires that each spouse affirmatively claim the exemption. Rather, it appears that either spouse, acting for the community, could make the exemption. *Cf*. Nev. Rev. Stat. § 123.225 ("The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests.") While the "wildcard" exemption makes the specification of which items are exempted as "selected by the judgment debtor," this court nonetheless agrees with the analysis in *In re Perez*, 302 B.R. 661 (Bankr. D. Ariz. 2003) and holds that a debtor may claim an exemption for herself and her non-filing spouse in community property.

The holding of the Bankruptcy Appellate Panel in *In re Homan*, 112 B.R. 356 (B.A.P. 9th Cir. 1989) is not controlling. The BAP in that case addressed the question of whether a nondebtor

---

[3]One might question why one spouse would act for the other, however, one spouse might be incapacitated, unavailable, or merely acquiescent.

spouse could claim a state homestead exemption in community property where the debtor scheduled federal exemptions in unrelated property. As the BAP noted in *Homan*, the nonfiling spouse was seeking to do as a nondebtor what she would be prohibited from doing as a joint debtor spouse. However, in this case the debtor is acting on **behalf** of the community without objection from the nonfiling spouse.

While one may argue the policy of whether or not married debtors should file a joint petition, *see In re Homan*, the Nevada Supreme Court has expressed a contrary view. As the court stated in *Norwest Financial v. Lawver*, 849 P.2d 324 (Nev. 1993):

> Ordinarily, a petition by one spouse passes all community property into the estate of the filing spouse. § 541(a)(2). A discharge of the debts then includes community claims and prohibits creditors from proceeding against community property acquired after the petition was filed even as against the nondebtor spouse. § 524(a)(3). *Therefore, in community property states, there is no need for both spouses to file unless the nondebtor spouse has substantial separate debt.* (Emphasis in the original).

Accordingly, this court finds that the Nevada Supreme Court would interpret the Nevada exemption scheme to entitle each spouse to claim an exemption in each category for which exemptions are allowed, and permit the debtor spouse to assert the community exemption on behalf of the non-filing spouse. The trustee's objection is thus overruled.

**IT IS SO ORDERED.**

Copies noticed through ECF to:
Blake A. Field
Elizabeth E. Stephens
Yvette Weinstein
U.S. Trustee-LV-7