RECEIVED & F

'11 OCT -7 P12:48

U.S. BANKRUPTCY C
MARY A. SCH...

FILED

OCT 07 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# TO THE SUPREME COURT OF NEVADA

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

In re:

ANA J. FOX,

Debtor.

YVETTE WEINSTEIN, Chapter 7 Trustee,

Appellant,

v.

ANA J. FOX,

Appellee.

BAP No. NV-11-1009-JoJuH

Bk. No. 10-19096-LBR

ORDER CERTIFYING A QUESTION TO THE SUPREME COURT OF NEVADA[1]

Submitted on August 13, 2011,
at Las Vegas, Nevada

Filed - October 7, 2011

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Linda B. Riegle, Bankruptcy Judge, Presiding

Before: JOHNSON,[2] JURY and HOLLOWELL, Bankruptcy Judges.

---

[1]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2]Hon. Stephen L. Johnson, Bankruptcy Judge for the Northern District of California, sitting by designation.

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("NRAP"), the Bankruptcy Appellate Panel of the Ninth Circuit (the "Panel") requests that the Supreme Court of Nevada answer a question of law which is deemed determinative of an action before this federal court to which there is no clear controlling precedent in the decisions of the Supreme Court of Nevada. We respectfully ask the Supreme Court of Nevada to exercise its discretion to accept and decide the certified question below.[3]

In support of this certificate, the following facts are shown to the Court:

(1) **Nature of the Controversy.**

The Panel has before it an appeal, Yvette Weinstein, Chapter 7 Trustee, v. Ana J. Fox, BAP No. NV-11-1009-JoJuH, now pending. The appeal arose from a bankruptcy case in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). Yvette Weinstein ("Weinstein" or "Trustee"

---

[3]We recognize that certification to the Supreme Court of Nevada is governed by NRAP Rule 5. It provides:

> The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

Nev. R. App. Pro. 5(a).

or "Appellant"), the chapter 7[4] trustee appointed to this case, objected to the vehicle and "wildcard" exemptions claimed by debtor Ana Fox ("Ana" or "Debtor"). Although Ana filed her bankruptcy case singularly - without her spouse - she claimed exemptions in the estate's property on behalf of herself and her non-filing spouse under Nevada Revised Statute ("N.R.S.") §§ 21.090(1)(f) and (1)(z). The Bankruptcy Court overruled the Trustee's objections and held that Debtor may assert exemptions belonging not only to herself but also to her non-filing spouse, which in effect doubles her available exemptions.[5]

Because Nevada has opted out of the federal exemption scheme in § 522(d) of the Bankruptcy Code, Nevada residents filing bankruptcy petitions may claim only those exemptions available under Nevada law or federal law other than § 522(d). 11 U.S.C. § 522(b); N.R.S. § 21.090(3). Debtor may assert exemptions belonging to her spouse or marital community only if Nevada statutes so provide. <u>See</u> <u>In re Goldman</u>, 70 F.3d 1028, 1029 (9th Cir. 1995)(In bankruptcy actions, the validity of a claimed state exemption is controlled by the applicable state law.) The Panel

---

[4]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as enacted and promulgated after October 17, 2005 (the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")).

[5]The Bankruptcy Court acknowledged that its order is contrary to the holding in <u>In re Rivas</u> (08-16253-MKN). In <u>Rivas</u>, Bankruptcy Judge Nakagawa of the District of Nevada held that the debtor cannot exempt two vehicles under NRS 21.090(1)(f) by virtue of being married because his spouse did not join in the bankruptcy petition. The <u>Rivas</u> decision is unpublished but it is directly contradictory to the decision here in interpreting the Nevada exemption scheme.

must look to Nevada law to determine whether Debtor may claim exemptions on behalf of her non-filing spouse in the instant appeal.

Because the disposition of the appeal turns on an important unsettled question of Nevada law, we CERTIFY the following question to the Supreme Court of Nevada:

> **In Nevada, may a judgment debtor claim exemptions under N.R.S. § 21.090 belonging not only to herself, but also to her non-debtor spouse?**

(2) **Statement of Facts.**

The facts are undisputed. On May 18, 2010, Ana filed a petition for relief under chapter 7. Her husband, Clifford Fox ("Clifford"), did not join in the petition and did not file a separate petition for relief. Weinstein was appointed as the chapter 7 trustee.

Every debtor in bankruptcy must file schedules which include a list of personal assets (Schedule B) and a list of property claimed as exempt (Schedule C). In Schedule B, Ana listed a checking account with a balance of $131.72, a savings account with a balance of $74.64, and a joint checking account with her non-filing spouse with a balance of $50.04. In addition, she listed two accounts with the description "Non-Filing Spouse's Account" ("Non-Filing Spouse's Accounts") which have a total balance of $1,002.80.[6] Ana listed two vehicles in Schedule B: a

---

[6]There are some discrepancies between the amounts of the Non-Filing Spouse's Accounts in Schedule B and the amounts in Appellant's Brief. However, the discrepancies are minor and not material to the disposition.

Toyota with a value of $7,635.00 and a Volkswagen with a value of $12,000.00. In the column which indicates how the property is owned - by husband, wife, joint, or community - no notation was made as to any of the properties.

In Schedule C, Ana claimed as exempt under N.R.S. § 21.090(1)(z), the "wildcard" exemption, all five of the bank accounts, including the Non-Filing Spouse's Accounts, for a total amount of $1,259.20.[7] She also claimed as exempt both vehicles, the Toyota and Volkswagen, under N.R.S. § 21.090(1)(f).

Trustee objected to the "wildcard" exemption claimed by Ana to the extent the total amount of the "wildcard" exemption exceeded the $1,000 provided by N.R.S. § 21.090(1)(z). She also objected to the vehicle exemptions on the ground the statute only allowed Ana to exempt one vehicle. Trustee argued that Ana may not claim exemptions attributable to her non-filing spouse, Clifford.

Ana filed a response, relying on an Arizona bankruptcy case, In re Perez, 302 B.R. 661 (Bankr. D. Ariz. 2003), which held that a debtor could assert state exemptions in community property for herself and her non-filing spouse. Ana argued that because Nevada is a community property state, the same rationale should apply. Trustee argued that neither Nevada law nor the Bankruptcy Code allows a debtor to claim exemptions on behalf of a non-filing spouse.

---

[7] Ana also used the "wildcard" exemption to exempt cash in the amount of $25.00 and Citigroup stocks in the amount of $139.01. Thus, the total amount claimed exempt under N.R.S. § 21.090(1)(z) is $1,423.21.

The Bankruptcy Court heard arguments and issued a written order overruling the objections of the Trustee. In its ruling, the Bankruptcy Court noted that pursuant to § 541(a)(2), property of the estate includes all interests of the debtor and the debtor's spouse in community property as of the commencement of the case, regardless of whether the debtor's spouse joined in the debtor's bankruptcy petition. Acknowledging that Nevada is a community property state and that Nevada has opted out of the federal exemption scheme, the court held:

> Notably, the exemption statute speaks in terms of the exemption of property of the judgment debtor. Under Nevada law, each spouse is liable as a judgment debtor for any community debt and there is nothing in the exemption statute that requires that each spouse affirmatively claim the exemption. Rather, it appears that either spouse, acting for the community, could make the exemption . . . While the "wildcard" exemption makes the specification of which items are exempted as "selected by the judgment debtor," this court nonetheless agrees with the analysis in In re Perez, 302 B.R. 661 (Bank. D. Ariz. 2003) and holds that a debtor may claim an exemption for herself and her non-filing spouse in community property.

(Appellant's Excerpts of Record, Tab 21) Order on Objection to Debtor's Claim of Exemption, entered on December 16, 2010, p. 3.

This appeal timely ensued.

**(3) Question of Law to be Answered.**

The disposition of this appeal depends on the interplay between Nevada's community property law and its exemption scheme.

A

Under § 541, the filing of a bankruptcy petition creates an "estate" composed of all property interests of the debtor, legal or equitable, as of the commencement of the case. 11 U.S.C.

§ 541(a)(1). When the debtor is married and resides in a community property state, property of the bankruptcy estate includes community property:

> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is -
>
> > (A) under the sole, equal, or joint management and control of the debtor; or
> >
> > (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2). If the provisions of § 541(a)(2)(A) or (B) are met, the community property of both spouses becomes property of the estate when one spouse files a bankruptcy petition. Highland Federal Bank v. Maynard (In re Maynard), 264 B.R. 209, 214 (9th Cir. BAP 2001).

Nevada is a community property state, and Nevada law presumes that all property not acquired by gift, bequest, or devise belongs to the "community" created when two people marry. N.R.S. § 123.220; Waldman v. Maini, 195 P.3d 850, 855 (Nev. 2008).[8] Applicable Nevada law gives each spouse joint control of community property. See N.R.S. §§ 123.225 and 123.230. When Ana filed her bankruptcy petition, the personal property at issue was community property and became part of Debtor's estate, even though her spouse did not join in the petition.[9]

---

[8]A husband and wife may choose to hold real or personal property as joint tenants, tenants in common, or as community property. N.R.S. § 123.030.

[9]The bankruptcy court assumed this to be true and the parties do not contest the point on appeal.

B

The Bankruptcy Code provides that a debtor is entitled to claim certain property as exempt. Section 522(b) provides that "an individual debtor may exempt from property of the estate the property listed" in the schedules. 11 U.S.C. § 522(b). Other than a limited exception under § 522(l) which is not applicable here, courts have interpreted this provision to mean that only a debtor, and not a non-debtor spouse, has the authority to elect exemptions. Burman v. Homan (In re Homan), 112 B.R. 356, 365 (9th Cir. BAP 1990); In re DeHaan, 275 B.R. 375, 381 (Bankr. D. Idaho 2002); In re Victor, 341 B.R. 775, 782 (Bankr. D.N.M. 2006); In re Morgan, 286 B.R. 678, 683 (Bankr. E.D. Wisc. 2002).

The Bankruptcy Code permits the use of either federal or state exemption schemes. Congress drafted the Bankruptcy Code to allow states to "opt out" of federal exemptions. 11 U.S.C. § 522(b)(2)(A). Only state law exemptions are available for opt-out states. Because Nevada has opted out of the federal exemption scheme in § 522(d), Nevada residents filing bankruptcy petitions may claim only those exemptions available under Nevada law or federal law other than § 522(d). 11 U.S.C. § 522(b); N.R.S. § 21.090(3).

C

Without any controlling federal authority, we turn to the Nevada exemption statute. N.R.S. § 21.090, which lists the exemptions available under Nevada law, provides, in relevant part:

1. The following property is exempt from execution,

> except as otherwise specifically provided in this section or required by federal law:
>
> . . . .
>
> (f) Except as otherwise provided in paragraph (p), one vehicle if the judgment debtor's equity does not exceed $15,000 or the creditor is paid an amount equal to any excess above that equity.
>
> . . . .
>
> (z) Any personal property not otherwise exempt from execution pursuant to this subsection belonging to the judgment debtor, including, without limitation, the judgment debtor's equity in any property, money, stocks, bonds or other funds on deposit with a financial institution, not to exceed $1,000 in total value, to be selected by the judgment debtor.

N.R.S. § 21.090.

The statute refers to the "judgment debtor" but does not answer the question whether a judgment debtor may assert exemptions belonging to the marital community. Nevada's exemption scheme does not address the availability of exemptions by one spouse holding property as community property when only that spouse is the debtor or judgment debtor, and Nevada state courts have not yet considered this issue. We identified two cases from other community property states addressing this issue but those courts reached opposite conclusion: Perez, 302 B.R. 661, from Arizona and relied upon by the Bankruptcy Court, and DeHaan, 275 B.R. 375, from Idaho.

In DeHaan, the debtor claimed exemptions that exceeded the cap for individuals, asserting that the exemptions would have been available if his non-filing spouse had joined the petition. The bankruptcy court observed that no bankruptcy law permitted the result. The court concluded that the Idaho exemption scheme did not allow a debtor to claim a second set of exemptions for

his non-filing spouse. In examining the applicable exemption statute, the court held that "[t]he plain language speaks to the right of the 'individual' debtor to claim exemptions within the relevant monetary limits. It does not purport to authorize such a debtor to claim a second set of like exemptions for another individual (i.e., his spouse)." DeHaan, 275 B.R. at 382. The court focused on the language of the exemption statute and did not explore Idaho's community property law.

The court in Perez came to a different conclusion on similar facts. In Perez, the debtor sought to exempt, among other things, a vehicle with a value of $10,000. The trustee in that chapter 7 case objected on the grounds that Arizona law provided each individual a $5,000 exemption in a vehicle. The debtor responded that under A.R.S. § 33-1121.01, each spouse may claim exemptions and may combine these exemptions with the other spouse's exemptions. The debtor asserted his and his non-filing spouse's $5,000 exemptions - totaling $10,000 - in a vehicle. The bankruptcy court agreed with the debtor, citing A.R.S. § 25-215(D) which authorizes each spouse to "act for the benefit of the community." The court focused on Arizona's community property law in interpreting the state exemptions and concluded that the debtor could claim exemptions available to him individually and to his non-filing spouse under Arizona law.

Because Nevada's community property law and exemption statute differ in wording from those of Idaho and Arizona, we do not find these two cases to provide clear guidance in interpreting Nevada's exemption scheme. They do not create binding state law precedent in Nevada. The question we certify

will determine whether a debtor may claim exemptions available not only to herself but to her non-filing spouse, pursuant to N.R.S. § 21.090.

This case is withdrawn from submission, and further proceedings in this Court are stayed pending final action by the Supreme Court of Nevada. The parties shall notify the Clerk of this Court within seven days after the Supreme Court of Nevada accepts or rejects certification, and again within seven days if the Supreme Court of Nevada renders an opinion. A designation of the parties, including names and addresses of counsel, is attached hereto as an Appendix. The Panel retains jurisdiction over further proceedings.

This certificate has been prepared by the above-referenced federal court.

OFFICIAL SEAL

BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:
Susan M. Spraul, Clerk
by Deputy Clerk

Susan M. Spraul, Clerk
United States Bankruptcy Appellate Panel of the Ninth Circuit
Richard H. Chambers United States Court of Appeals Building
125 South Grand Avenue
Pasadena, California 91105

APPENDIX
DESIGNATION OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant: | Yvette Weinstein, Chapter 7 Trustee |
| Counsel for Appellant: | Elizabeth D. Stephens, Esq.<br>Sullivan Hill Lewin Rez & Engel<br>228 S. Fourth Street, First Floor<br>Las Vegas, NV 89101 |
| Respondent: | Ana Fox, appearing pro se<br>8513 Copper Falls Avenue<br>Las Vegas, NV 89129 |
| Counsel for Respondent: | None |